## Rossiter v. Township of Abington

*Frank R. Ambler*, for plaintiff.
*High, Swartz, Flynn & Roberts*, for defendant.

FORREST, J., December 6, 1951.—On May 3, 1951, plaintiffs filed their complaint in trespass against defendant township, claiming damages for injuries sustained by Winona M. Rossiter, wife plaintiff, on October 27, 1950, alleging that she fell as a result of the poor condition of a highway, under the direction and control of defendant.

On October 29, 1951, defendant filed its preliminary objection in the nature of a demurrer to the complaint, setting forth as the basis therefor, the fact that plaintiffs did not allege that notice of the injury had been given to the township within six months from the date thereof, in accordance with the Act of July 1, 1937, P. L. 2547, 53 PS §2774.

On October 2, 1951, plaintiffs filed their motion to dismiss defendant's preliminary objection in the nature of a demurrer, on the basis stated, as follows:

"That defendant entered a general appearance and did not file any other pleading within 20 days after service of the complaint." The record confirms those allegations.

Rule 1045 of the Supreme Court Rules of Civil Procedure, paragraphs (a) and (b) provide as follows:

"(a) Within the time for filing an answer, a defendant in lieu thereof may enter a general appearance.

(b) A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied."

In commenting on these rules, Goodrich-Amram Standard Pa. Practice, 202, states:

"Since the appearance qualifies as an answer to the merits, its filing has the identical effect. It constitutes a general appearance, and prevents the defendant from subsequently raising any question of jurisdiction over his person. It constitutes an answer to the merits and therefore prevents the defendant from subsequently filing any preliminary objection."

Accordingly, defendant having entered a general appearance, he is precluded from now entering a preliminary objection and therefore, the preliminary objection should be stricken.

And now, December 6, 1951, it is ordered, adjudged and decreed that plaintiff's motion to dismiss the preliminary objection in the nature of a demurrer is sustained. The motion is granted and defendant's preliminary objection is stricken.